UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY E. ICE, JR.,

        Plaintiff,

vs.                                       CIVIL ACTION NO. 1:12cv182

TIME WARNER,
or party doing so,

        Defendant.

**OPINION/ REPORT AND RECOMMENDATION
TO DISMISS CASE WITHOUT PREJUDICE**

On December 19, 2012, Plaintiff, pro se, filed a Complaint in this Court [DE 1]. He named as Defendant, "Time Warner or Party Doing So." That same date the Clerk issued and sent to Plaintiff a Notice of General Guidelines for Appearing Pro Se in Federal Court [D.E. 2] and a Notice of Deficient Pleading [D.E. 3]. The Notice of General Guidelines expressly states that the pro se party must "[k]eep the Court . . . advised of your most current address at all times. Failure to do so may result in your action being dismissed without prejudice." The Notice of Deficient Pleading advised Plaintiff that he must, within 21 days, provide the complete names of all defendants/respondents, or as much of the names as is known, and a complete address for each. He must also file an application in forma pauperis to proceed without prepayment of the full or partial filing fees or pay a fee of $350.00. The Notices were mailed to Plaintiff on December 19, 2013 by Certified Mail.

The case was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley [D.E. 4].

28 U.S.C. §1914(a) reads as follows:

The Clerk of each district court shall require the parties instituting any civil action,

suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . .

L.R. Gen. P. 3.01 provides the following:

The Court may authorize the commencement, prosecution or defense of any civil or criminal action or proceeding, or any appeal . . ., without prepayment of fees and costs or security, by a person who makes an affidavit that he or she is unable to pay costs or give security as provided in 28 U.S.C. §1915.

Plaintiff has done neither.

Defendant did not respond to either notice within the required 21 days. On January 2, 2013, the certified mail sent to Plaintiff at the address he provided was returned to the clerk as "unclaimed." [D.E. 5 and 6].

On January 15, 2013, the clerk received a phone call from Plaintiff, requesting the Orders be re-sent to him via regular U.S. mail, which the clerk did that same date.

On January 30, 2013, the second mailings, sent to Plaintiff by regular U.S. mail as per his own instructions, were also returned to the clerk, this time as "Attempted– Not Known." [D.E. 7].

On March 25, 2013, the clerk received another phone call from Plaintiff, who advised that he would pick up the documents [D.E. 2, 3, and 4] at the Clerk's Office on Friday, March 29, 2013.

According to the docket, Plaintiff did pick up the Notice of General Guidelines for Appearing Pro Se in Federal Court and the Notice of Deficient Pleading during the week of April 1, 2013.

Again, Plaintiff had 21 days to comply with the Notice of Deficient Pleading, in particular to either pay the filing fee or to file a Motion to Proceed In Forma Pauperis. To

date, two months after he received the Notices, he has still neither paid the filing fee nor filed an IFP Motion. Additionally, Plaintiff has not provided as directed the complete names and addresses, if known, of all defendants, so that summonses may be issued. Instead, he names as Defendant only "Time Warner or party doing so." The Notice of Deficient Pleading expressly states:

> If the Plaintiff/Petitioner fails to file the items indicated by "X" within 21 days from the date of this notice, the court will dismiss this case for failure to prosecute. Fed. R. Civ. P. 41(b).

(Emphasis added).

For this reason alone, the undersigned recommends this case be dismissed.

As an additional reason for dismissal of this matter, the undersigned finds Plaintiff has not alleged Federal Jurisdiction. His "causes of action," read liberally, are for invasion of privacy, harassment, using false ID, using a phone contract, and using false slander money or backing to continue "it." The defendant is Time Warner "or the party doing so."

It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statue." In re Bulldog Trucking, Inc., 147 F.3d 347 (4th Cir. 1998)( "A primary incident of that precept is our duty to inquire, *sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears." "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P.12(h)(3).

Plaintiff's entire Complaint consists of the following:

> Party doing things Buging my home stalkin in and around invading privacy harring Day Night + Fasely Iding self using all manner of electronic to do so and saying they have foney contract to do so using time limits on it that are foney every time I ask for help they use false slander money or Backing to contue it. [sic]
>
> Plaintiff requests the following Relief:
>
> Asking for relief of investagation [sic] be put out and perhaps a restraining order be issued.

Complaint [D.E. 1].

Plaintiff is suing a private company, Time Warner "or whoever id doing so," for bugging his home, invading his privacy, falsely identifying themselves and saying they have a "phoney" contract with him. He is asking for an investigation and perhaps a restraining order.

Plaintiff fails to allege that Time Warner ("or party doing things") is a "state actor." It is axiomatic that the allegation of a federal constitutional violation does not in itself invoke the jurisdiction of the federal courts. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed. 477 (1974). (Noting that "the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established and easily stated"); Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883)("It is State action of a particular character that is prohibited. Individual invasion of rights is not the subject-matter of the [Fourteenth] Amendment."); Spark v. Catholic Univ. Of Am., 519 F.2d 1277 (D.C. Cir. 1975)("At least where the question of race is not involved, it is necessary to show that the Government exercises some form of control over the actions of the private party" in order to be "sufficiently entangled with governmental functions that federal jurisdiction

4

attaches.") Rather, there must be some allegation that the government acted to deprive a citizen of these rights.

In this case, Plaintiff has provided no indication of any sort of governmental action. There is no allegation that any state actor is involved in the alleged violations, or that Time Warner may be considered a *de facto* state actor for these purposes. As such, there is no Federal Jurisdiction over this matter.

Nor does Plaintiff allege diversity jurisdiction. To invoke the district court's diversity jurisdiction, the parties must be completely diverse, meaning that none of the plaintiffs shares citizenship with any of the defendants, and the amount in controversy must exceed the jurisdictional threshold. 28 U.S.C. section 1332; Mayes v. Rapoport, 198 F.3d 457 (4th Cir. 1999). Here Plaintiff does not allege the state citizenship of Time Warner. Significantly, he does not actually know <u>who</u> is "doing things" to him. That individual or entity may very well be from within the State. More importantly, however, Plaintiff does not allege any amount in controversy, in particular an amount above the jurisdictional threshold of $75,000.00. In his request for relief he asks for an investigation and "perhaps a restraining order." For this additional reason, the undersigned concludes this Court lacks jurisdiction over this matter. For all the above-stated reasons, the undersigned recommends Plaintiff's Complaint be dismissed without prejudice.

## **RECOMMENDATION**

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint (Docket Entry 1) be **DISMISSED** without prejudice for failure to prosecute by filing the IFP form or, in the alternative, paying the filing fee as required by

28 U.S.C. §1914(a), failing to serve the Defendants within 120 days, and for lack of subject matter jurisdiction.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Plaintiff at his last shown address of Box 165, RR 4, Clarksburg, WV 26301, by Regular United States Mail AND by Certified United States Mail, Return Receipt Requested.

DATED: June 11, 2013

                                              *John S. Kaull*
                                              JOHN S. KAULL
                                              UNITED STATES MAGISTRATE JUDGE