```
         IN THE UNITED STATES DISTRICT COURT FOR THE
              NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROY E. ICE, JR.,**

      **PLAINTIFF,**

      **v.**                    **Civil Action No. 1:12CV182**
                                        **(Judge Keeley)**

**TIME WARNER,**

      **DEFENDANT.**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On December 19, 2012, the plaintiff, Roy E. Ice, Jr. ("Ice"), filed a complaint against the defendant, Time Warner. On that same date, the Clerk of Court sent Ice a Notice of General Guidelines for Appearing Pro Se in Federal Court (dkt. no. 2), and a notice of deficient pleading. (Dkt. No. 3). Pursuant to Title 28, United States Code §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 72.01(d)(6), the Court referred this matter to Magistrate Judge John S. Kaull on December 19, 2012, as well. (Dkt. No. 4).

On January 2, 2013, both the Notice of General Guidelines for Appearing Pro Se in Federal Court (dkt. no. 2) and notice of deficient pleading (dkt. no. 3) were returned to the Court as undeliverable. (Dkt. No. 5). After a telephone conversation with Ice, the clerk again sent those items to Ice via regular mail. (Docket entry, Jan. 15, 2013). On January 30, 2013, those items were again returned as undeliverable. However, Ice picked up those documents in person from the clerk's office the week of April 1, 2013. (Docket entry, June 6, 2013).

On June 11, 2013, Magistrate Judge Kaull issued an Opinion and

**ICE v. TIME WARNER**                                               **1:12cv182**

### ORDER ADOPTING REPORT AND RECOMMENDATIONS

Report and Recommendation ("R&R"), in which he recommended dismissal of Ice's complaint for failure to correct the deficiencies in his pleading and for failure to establish federal subject matter jurisdiction.[1]

The R&R also specifically warned Ice that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties did not file any objections.[2] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 8) and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

---

[1] The Court sent the R&R to Ice by certified mail. (Dkt. No. 8-1). The R&R was returned as undeliverable on June 20, 2013. (Dkt. No. 9). Ice is aware that mail cannot be delivered to the address he provided the Court. The Court has allowed him ample time (over five weeks) to, as he has done in the past, inquire as to the status of his case and so learn of the pending R&R. He has not done so. As it is Ice's obligation to advise the Court of his current address, the Court is not inclined to wait further.

[2] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**ICE v. TIME WARNER** **1:12cv182**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: July 22, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE